UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20529-CR-SEITZ

UNITED STATES OF AMERICA,

v.

MIKE PROPHETE,

    Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S**
**MOTION FOR EARLY TERMINATION OF**
**SUPERVISED RELEASE**

THIS MATTER is before the Court on Defendant Mike Prophete's Motion for Early Termination of Supervised Release [DE 567].   Defendant's US Probation Officer, Charee M. Goldberg, submitted a written opposition to the Motion.   Having considered the submissions, the 18 U.S.C. § 3553 factors, and the record, the Motion must be denied at this time.   Assuming over the next four months the Defendant satisfies the requirements noted on the last page of this order, the Court will consider a renewed motion.

During Mr. Prophete's nearly-two-year participation in the Court's CARE Court program, the Court observed his significant personal growth.   He made remarkable strides even in the face of great personal tragedy and there is no doubt that Mr. Propehte has shown notable progress and the potential to be a successful returning citizen.   However, because Mr. Propehte neither documented adequately his current income, nor provided a detailed relocation plan, the motion is denied without prejudice to enable him to complete steps to ensure financial stability for his new lawn care business and future life before submitting a renewed motion.

I. <u>BACKGROUND</u>

Defendant began serving his term of supervised release on July 26, 2018. He had been sentenced to 60 months imprisonment and five years of supervised release on January 15, 2016 for a controlled drug distribution conspiracy. That prison term was reduced to 42 months pursuant to Fed. R. Cr. P. 35(b). His original term of supervised release was to expire on July 25, 2023. Following his voluntary participation and successful completion of the Southern District of Florida's Court-Assisted Re-entry Court (CARE) program, that term was reduced one year with the new expiration date of the July 25, 2022. On June 22, 2021, a State Court judge early terminated his concurrent state probation, which originally was scheduled to end in September 2023.

Defendant states he requests early termination of his federal supervised release so that he may move out of state and "seek better opportunities." [DE 567 at 1]. To support his request, he notes he is rehabilitated, served his debt to society, paid all Court costs, complied with all supervised release conditions, opened his own landscaping business "M.P. Global Tree Services" and remains a mentor for the RDAP/MRT programs that he previously completed.

USPO Goldberg acknowledges the Defendant has satisfied 34 months of his 48-month supervised release term, with only two incidents of noncompliance. She recognizes that he has a stable home with his mother and made noteworthy rehabilitative progress including his voluntarily participation in and successful completion of CARE Court. She also notes the Defendant incorporated his landscaping business on May 2, 2020, which he has actively operated since April 16, 2021 with income varying based on the number of jobs performed. To assist in the successful operation of his business, she referred him to United Way and Branches. Notwithstanding his progress, she concludes that Defendant is not eligible for early termination

because the Presentence Investigation Report also reflects of history of violence namely, a felony and misdemeanor battery in 2007 and an armed robbery in 2009 for which the State placed him on the previously noted administrative probation with the Florida Department of Corrections.

II. <u>ANALYSIS</u>

Turning to the §3553(a) factors, the Court is aware of Mr. Prophete's 2007 and 2009 arrests, but places little weight on them because they are more than 10 years old, and do not reflect what the Court observed over two years of his present attitude, his consistent employment albeit at various jobs, his growth in maturity, his dedication to changing his life, his commitment to completing the intensive CARE Court program and his continued willingness to assist current participants as a CARE Court mentor since his graduation. He has also shown remarkable resilience despite several difficult personal crisis and setbacks.

Nevertheless, at present, the Court denies the motion because Mr. Prophete has not provided sufficient evidence to allow the Court, considering the necessary 3553(a) factors, to conclude that his success is certain and early termination is appropriate.   Although Mr. Prophete is commended for starting his own landscaping business, the Court is concerned as to his financial stability given that his busines venture is relatively new, he has not submitted sufficient financial documentation to assess the financial viability of that venture, nor has he provided the Court (or his USPO) with a business plan to demonstrate the structure needed to ensure the success of his newly launched business.   As to his request to relocate, he has neither confirmed that he has a pending job opportunity at his new location, nor indicated where and with whom he will live.

The Court applauds Mr. Prophete's efforts and supports his desire to be a success for himself, his family, and the community. However, such success is contingent on establishing a

stable source of legitimate long-term income. To substantiate his effort in this regard, he must show his assigned USPO all documentation that: 1) demonstrates taxes (business and personal) paid for the year 2020; 2) financial records for his landscaping business beginning in May of 2020; and 3) evidence that he has attended financial coaching with either United Way or Branches and produced a viable business plan. Furthermore, if Mr. Prophete seeks to renew his request for early termination of supervised release, he must, after consulting with his USPO, submit to the Court a detailed relocation plan that addresses: 1) his intended means of income in his new location including the plans for his presently existing business; 2) where, and with whom he will reside in that new location and his means for paying for the same; and 3) any other details that demonstrate the likelihood of his continued success in his new location, *e.g.* involvement in community, civic, religious activities, etc.

Accordingly, Mr. Prophete may renew his Motion for early termination of supervised release four months from the date of this Order, after he submits all documentation to his USPO of the information in the above six categories. For these reasons, it is

**ORDERED** that Defendant's Motion for Early Termination of Supervised Release [DE 567] is DENIED without prejudice to renew once Defendant provides the information listed above.

DONE AND ORDERED in Miami, Florida, this 4th day of October 2021.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc: All counsel of record